UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| EUNICE PRIETO MOLINA, INDIVIDUALLY and AS REPRESENTATIVE OF THE ESTATE OF ARMANDO MASCORRO, Jr.; LEIDI SILVESTRE as next friend of A.S.M., A MINOR, A.N.M., A MINOR and Y.M., A MINOR, <br><br> Plaintiffs, <br><br> v. <br><br> BASTROP COUNTY SHERIFF'S OFFICE, CHRIS GRIFFIN, STEVIE SHAE BURCHELL, JOSEPH HINES, CAMERON JONSE, KATHERINE NEWTON, JUNIOR TUCKER, MATTHEW HICKS, STEVEN TODD JOHNSON, CHRIS NOBLE and KELLY L. MERKER, <br><br> Defendants. | CIVIL ACTION NO.  1:22-CV-452 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiffs, Eunice Prieto Molina, Individually and as Representative of the Estate of Armando Mascorro, Jr., and Leidi Silvestre as next friend of A.S.M., A.N.M., and Y.M., minors, bring this action against the Bastrop County Sheriff's Office ("Bastrop County"), Texas Department of Public Safety ("TDPS"), BASTROP COUNTY SHERIFF'S OFFICE, CHRIS GRIFFIN, STEVIE SHAE BURCHELL, JOSEPH HINES, CAMERON JONSE, KATHERINE NEWTON, JUNIOR TUCKER, MATTHEW HICKS, STEVEN TODD JOHNSON, CHRIS NOBLE, and KELLY L. MERKER, (collectively, the individual Defendants shall sometimes be

referred to as "THE OFFICERS") for damages pursuant to 42 U.S.C. §1981, §1983, §1985, and §1988, the Fourth, Fifth and Fourteenth Amendments to the United States Constitution. Jurisdiction is based upon 28 U.S.C. §§1331 and 1343, and under 28 U.S.C. §1367(a).

Each of THE OFFICERS are directly responsible for the in custody death of Armando Mascorro, Jr. and/or the intentional and contrived deception to cover up facts relating to the incident related to his death. Prior to his death, several of THE OFFICERS used their batons and TASERS to beat and torture Armando Mascorro, Jr. Some of THE OFFICERS also tied Armando Mascorro, Jr. to a horse provided by Deputy Junior Tucker and dragged him for some distance. THE OFFICERS actions resulted in physical pain, mental anguish, disfigurement, impairment and ultimate death to Armando Mascorro, Jr.  Seven of the Defendants (Griffin, Burchell, Hines, Jonse, Miller, Newton, and Tucker) worked for the BASTROP COUNTY SHERIFFI'S OFFICE at the time of the incident in question. These officers will sometimes be referred to as the "BASTROP OFFICERS". The BASTROP OFFICERS' policy and Constitutional violations were committed as a result of the policies and customs of the Bastrop County Sheriff's Office, and due to the intentional and malicious intent to harm Armando Mascorro, Jr.. Specifically, the BASTROP COUNTY SHERIFF'S OFFICE, through its policies and mandates encouraged the harassment of Hispanic men and women, and also had inadequate policies regarding hiring, retention, and training of excessive force measures, as well as inadequate disciplinary procedures.

Plaintiffs herein comply with the pleading requirements of FRCP Rule 8(a)(2) and the requirements of *Ashcroft v. Iqbal*, 556 U.S. 129 S.Ct. 1937, 1949 (2009) that "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

## I. PARTIES

1.      Eunice Prieto Molina, ("Plaintiff Molina") is a citizen of the United States of America, resides in Travis County, Texas and is the mother of Armando Mascorro, Jr.  She brings this claim in her individual capacity as a statutory wrongful death beneficiary and as an heir to the Estate of Armando Mascorro, Jr. pursuant to Texas Civil Practices and Remedies Code §§ 71.002 *et. seq.* and § 71.021.

2.      Leidi Silvestre as next friend of her children: A.S.M., A.N.M., and Y.M., minors. The minors are the natural children of Armando Mascorro, Jr., and statutory wrongful death claimants. Silvestre brings this wrongful death action pursuant to Texas Civil Practices and Remedies Code §§ 71.002 *et. seq.* and § 71.021.

3.      Defendant, Bastrop County Sheriff's Office, ("The County" or "Bastrop County") is a governmental entity located within the boundaries of the Austin Division of the Western District of Texas. Defendant Bastrop County Sheriff's Office can be served through the Sheriff, Maurice Cook, 200 Jackson Street, Bastrop, Texas 78602. *Citation is requested at this time*.

4.      Defendant, Chris Griffin, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope of his employment with the Bastrop County Sheriff's Office. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant.  *Citation is requested at this time*.

5.      Defendant, Stevie Shae Burchell, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope of her employment with the Bastrop County Sheriff's Office. Defendant will be

extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time*.

6.      Defendant, Joseph Hines, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope of his employment with the Bastrop County Sheriff's Office. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time*.

7.      Defendant, Cameron Jonse, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope of his employment with the Bastrop County Sheriff's Office. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time*.

8.      Defendant, Katherine Newton, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope of her employment with the Bastrop County Sheriff's Office. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time*.

9.      Defendant, Junior Tucker, was at all times relevant to this cause of action a duly appointed and acting deputy of the Bastrop County Sheriff's Office and working within the course and scope

of his employment with the Bastrop County Sheriff's Office. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time.*

10.     Defendant, Kelly L. Merker, was at all times relevant to this cause of action a duly appointed and acting officer of the Texas Department of Public Safety, and working within the course and scope of his employment with the Texas Department of Public Safety. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time.*

11.     Defendant, Matthew Hicks, was at all times relevant to this cause of action a duly appointed and acting deputy of the Elgin Police Department and working within the course and scope of his employment with the Elgin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time.*

12.     Defendant, Stephen Todd Johnson, was at all times relevant to this cause of action a duly appointed and acting deputy of the Elgin Police Department and working within the course and scope of his employment with the Elgin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time.*

13.     Defendant, Chris Noble, was at all times relevant to this cause of action a duly appointed and acting deputy of the Elgin Police Department, and working within the course and scope of his employment with the Elgin Police Department. Defendant will be extended the opportunity to accept service of process pursuant to FRCP 4(d). If Defendant fails or refuses to accept service as requested, then the Plaintiffs will request service of process pursuant to FRCP 4(e) upon Defendant. *Citation is requested at this time*.

## II. JURISDICTION AND VENUE

14.     42 U.S.C. §1983, 42 U.S.C. §1985, and 42 U.S.C. §1988 provide jurisdiction over Plaintiffs' constitutional claims for redress, which are conferred on this Court by 28 U.S.C. §1343(a)(3).

15.     Federal question jurisdiction is conferred on this Court by 28 U.S.C. §1331, because this action arises under the Constitution and laws of the United States.

16.     This Court also has pendent jurisdiction over all other claims asserted under the laws of the State of Texas, pursuant to 28 U.S.C. §1367(a).

17.     Venue is proper in the Western District of Texas, Austin Division, as this is the district where the claim arose in accordance with 28 U.S.C. §1391(b).

18.     This court has personal jurisdiction over Bastrop County as it is a political subdivision of the State of Texas, located within the boundaries of the Austin Division of the United States Court for the Western District of Texas.

## III. DUTY AND LAW APPLICABLE

19.     Armando Mascorro, Jr., was subjected to excessive force in violation of his rights guaranteed to him by the Fourth and Fourteenth Amendments of the United States Constitution.

20.     Plaintiffs commence this action pursuant to 42 U.S.C. §1983, which provides in relevant

part for redress for every person within the jurisdiction of the United States for the deprivation, under color of state law, of any rights, privileges, or immunities secured by the Constitution and laws of the United States.

21.     Plaintiffs also commence this action under 42 U.S.C. §1985(3), which creates, in relevant parts, a cause of action for conspiracies designed to deprive "persons of the equal protection of the laws, or the equal privileges and immunities under the laws."

22.     THE OFFICERS, who were acting under the color of law, are liable under 42 U.S.C. §1983 and 42 U.S.C. §1985(3).

23.     THE OFFICERS are liable to Plaintiffs because they used excessive force against Armando Mascorro, Jr., in violation of his rights under the Fourth and Fourteenth Amendment, and because they engaged in a conspiracy designed to deprive the Plaintiffs of equal protections of the laws, equal privileges or immunities of the laws, and the access to the courts and due process.

24.     Defendant Bastrop County Sheriff's Office is liable to Plaintiffs because they:

    1.]     Had inadequate policies for preventing use of force violations by their officers;

    2.]     Had an inadequate training program for training their officers in the proper use of force;

    3.]     Had an inadequate hiring policy in that they failed to screen out potential officers who presented a plainly obvious risk of committing use of force violations;

    4.]     Had an inadequate disciplinary policy in practice, in that the well-written policy in the handbook was not followed, and Bastrop County and Texas Department of Public Safety failed to adequately punish, re-train, or sanction officers who committed excessive force and other policy violations;

    5.]     Had a custom or practice of falsely reporting the circumstances related to an event

involving use of force in an effort to justify the officers' action(s), seeking to avoid discipline for excessive force violations; and

6.]     Under the tenure of Sheriff Maurice Cook, Bastrop County in recent years has targeted Hispanic/Latino drivers, particularly Hispanic/Latino men. The harassment of Hispanic/Latino individuals by the Bastrop County Sheriff's Office is well documented. For instance, in 2019 Sheriff Cook instituted a policy instructing deputies to make arrests for single traffic violations. The intent of this policy was fulfilled when the number of Hispanic/Latino individuals arrested in Bastrop County for simple (Class C misdemeanor) traffic violations increased more than tenfold between 2017 and 2019. The number of these arrests that resulted in ICE detention increased 76,000% (from 2 to 152).  Armando Mascorro, Jr. was a Hispanic male.

## IV. FACTUAL ALLEGATIONS

25.     On or about the morning of September 1, 2020, Armando Mascorro, Jr. was traveling east on US 290, in Bastrop County, Texas.

26.     According to the crash report, prepared by Trooper Merker, Armando Mascorro, Jr. "unexpectedly fell out of the vehicle" and then proceeded to follow the vehicle to a pasture where he "fought/assaulted officers investigating the crash."

27.     The crash report is incomplete and omits many key facts. The report does not say how Armando Mascorro, Jr. died.  Bastrop County and the Attorney General, have, to the date of this filing, refused to release any records related to the incident citing a pending investigation.

28.     Armando Mascorro, Jr. was pronounced dead at Heart Hospital of Austin on September 1, 2020.  His medical records from Heart Hospital of Austin state that Armando Mascorro, Jr. "Was tazed by police and subsequently became unresponsive."

29.     Merker's report omits any reference to TASERS and batons. These omissions were intentional misrepresentations by Trooper Merker designed to deprive the Plaintiffs of their rights.

30.     Upon information and belief, the involved agencies and officers have attempted to suppress at least the following facts:

1.]     Many of the OFFICERS were present at the scene of the incident in question and used used batons and tasers on Armando Mascorro, Jr.

2.]     Defendant BURCHELL used an ASP baton and closed fist punches on Mascorro, Jr.;

3.]     Defendant Griffin used an ASP baton and a TASER (several times) on Mascorro, Jr.;

4.]     Defendant Newton used an ASP baton and TASER on Mascorro, Jr.;

5.]     Defendant Tucker provided a rope to restrain Mascorro, Jr.;

6.]     Officers on the scene (including THE OFFICERS) tortured Armando Mascorro, Jr. by beating him with batons, repeatedly using TASERS and tying him to a horse and dragging his body behind the horse;

7.]     The medical examiner has officially deemed the cause of death of Armando Mascorro, Jr. as homicide by blunt force trauma;

8.]     Subsequent to this incident occurring, Bastrop County Sheriff Maurice Cook modified the use of force policy after this incident to eliminate the use of batons;

9.]     Video footage exists of the beating, torture and ultimate murder of Armando Mascorro, Jr. by THE OFFICERS;

10.]    Bastrop County livestock astray officer, Deputy Junior Tucker, arrived at the scene on horseback and at some point during the torturous events, officers on the scene

(including THE OFFICERS) tied Armando Mascorro, Jr. to the horse and dragged him for some distance;

11.] Defendant Noble instructed Defendant Hicks to turn off his body camera. This was done in order to initiate the coverup and deception; and

12.] Trooper Kelly L. Merker, who prepared the crash report, was present at the scene and participated in the incident. Trooper Merker intentionally misrepresented what happened during the pursuit, engagement and murder of Armando Mascorro, Jr. to protect the law enforcement officers involved in the torture and murder of Mascorro, Jr., and to deprive the Plaintiffs of their federally protected rights.

31. In addition to the omissions related to the official report prepared by Trooper Merker, the coverup is even more extensive. Travelers Insurance carries a policy to indemnify Bastrop County for the claims in this case. Plaintiffs' attorney has corresponded with Travelers adjuster Virginia King regarding this matter. In early 2022, Ms. King offered several thousand dollars to resolve Plaintiffs' claims in this case, but also expressed that she could not offer more money because she did not have all the information by which she could assess completely the facts and liability components. On March 10, 2022, Ms. King emailed Plaintiffs' counsel stating she was awaiting video from Bastrop County that would allow her to complete her assessment for the insurance company. Ms. King indicated that "I spoke with our account contacts today and the video is being copied and sent to me. I am told it will be in the mail tomorrow. I will let you know as soon as I get it."

32. Plaintiffs' counsel followed up with Ms. King on March 21, 2022 and Ms. King again indicated she had not received the relevant videos. To date, Ms. King has not forwarded any videos to Plaintiffs' counsel.

33.     In short, Bastrop County and its officers have endeavored a coverup so extensive they will not even share the relevant, important information relating to Mascorro's death with their own insurance company.

34.     Bastrop County and its officers and employees recognize that their deception is held together only by their unity and common desire to hide the truth and deprive the Plaintiffs of the opportunity to learn the facts of Mascorro's death and pursue the remedies provided under federal law and the Seventh Amendment to the United States Constitution.

35.     For this orchestrated deception and deprivation of rights, the Defendants must be held accountable.

36.     As a result of the excessive force used against Armando Mascorro, Jr., the Plaintiffs have suffered permanent and severe psychological damage and trauma.

37.     The Plaintiffs continue to endure permanent and severe psychological damage and trauma.

38.     Throughout the interaction between Armando Mascorro, Jr. and The Officers of the Bastrop County Sheriff's Office and the Texas Department of Public Safety, there was no need or justification for the excessive force and his ultimate murder.

### V. BASTROP COUNTY'S POLICIES, CUSTOMS AND PRACTICES

39.     Bastrop County Sheriff's Office had an obligation to train THE BASTROP OFFICERS in the constitutional rules of the use of force. That training must go further than the broad contours of the Fourth Amendment but must also include information on when and what type of force is constitutionally appropriate. On information and belief, THE BASTROP OFFICERS were not trained in the overall contours of the Fourth Amendment prohibitions against excessive force. Such training deliberately ignores admonition by the Fifth Circuit that such actions are inappropriate.

## VIOLATIONS OF BASTROP COUNTY POLICY

40.     The County promulgates a manual for Bastrop County Sheriff officers. THE BASTROP OFFICERS are expected to know the policies and abide by the policies. Failure to comply with the policies should be noted by THE BASTROP OFFICERS and supervisors, and officers should be disciplined accordingly.

41.     Plaintiff has a reasonable belief that the actions of THE OFFICERS violated the polices of Bastrop County as written and applied but cannot allege these violations more specifically at this time because Defendants have not provided a copy of their policies to Plaintiff.

42.     Additionally, no Bastrop County peace officer interceded, and no officer reported the actions of THE OFFICERS to a supervisor.

## VII. CAUSES OF ACTION

**Bastrop County**

43.     The acts and failures of Defendants on the occasion in question were unreasonable and were the proximate and producing cause of the injuries and damages suffered by the Plaintiffs. Bastrop County Sheriff's Office is liable to Plaintiffs under 42 U.S.C. §1983 for acting with deliberate indifference, in failing to provide to THE OFFICERS supervision and training regarding the reasonable use of force. THE OFFICERS were not trained to use force based on objective facts available to them at the time of the incident.

44.     THE OFFICERS' use of force against a suspect who was only suspected of stealing a vehicle, the County's refusal to discipline or reprimand THE OFFICERS for their actions and inactions amounts to ratification of the act after the fact. By ratifying THE OFFICERS' use of excessive force as well as the officers' attempt to cover up and suppress information regarding what actually happened to Armando Mascorro, Jr., Bastrop County demonstrated deliberate

indifference to the civil rights of Armando Mascorro, Jr. and citizens of Bastrop County.  Further, The County's failure to reprimand THE OFFICERS and the County's "rubber stamp" of THE OFFICERS' actions shows a reluctance to enforce its own policies and lends itself to recurring situations and continued violations of civil rights by other officers.

45.     Additionally, Sheriff Cook and other Bastrop County employees were complicit, acquiescent and or active in the deception, coverup and conspiracy that has deprived the Plaintiffs' of the equal protection of the laws. These acts were motivated by selfish, evil, and malicious intent against the Plaintiffs and involved reckless or callous indifference to the federally protected rights of the Plaintiffs, in violation of 42 U.S.C. §1985(3).

**THE OFFICERS**

46.     THE OFFICERS, while acting under color of law, used objectively unreasonable force against Armando Mascorro, Jr. by beating him, tasering him, dragging him behind a horse and ultimately murdering him. Said actions violated Armando Mascorro, Jr.'s Fourth Amendment right to be free from the use of excessive force.

47.     Armando Mascorro, Jr. was accused of committing a nonviolent crime, was unarmed and did not pose a threat to THE OFFICERS or the general public.

48.     The need for such force was non-existent and there were no circumstances that justified THE OFFICERS murder of Armando Mascorro, Jr.

49.     Plaintiffs plead that THE OFFICERS used excessive force during the arrest and/or other "seizure" of a free citizen, such as Armando Mascorro, Jr. in violation of the Fourth Amendment and its "reasonableness" standard. Said actions resulted directly and only from the intentional use of force that was clearly excessive to the need, and the excessiveness of which was objectively unreasonable.

50.     Such actions and/or omissions are "objectively unreasonable" in light of the facts and circumstances confronting THE OFFICERS without regard to the underlying intent or motivation. Clearly, careful attention to the facts and circumstances of this particular case demonstrates the unreasonableness of said actions. For these reasons, it is objectively unreasonable for THE OFFICERS to torture, beat, drag behind a horse and ultimately murder Armando Mascorro, Jr.

51.     Defendant Bastrop County is also liable under well-established theories of municipal and supervisory liability.

52.     THE OFFICERS' wrongful acts were wanton, malicious, and done with the specific intent to cause substantial injury to Armando Mascorro, Jr. rendering appropriate the award of punitive damages against the individual Defendants.

53.     Each of The Officers were complicit, acquiescent and or active in the deception, coverup and conspiracy that has deprived the Plaintiffs' of the equal protection of the laws. These acts were motivated by selfish, evil, and malicious intent against the Plaintiffs and involved reckless or callous indifference to the federally protected rights of the Plaintiffs, in violation of 42 U.S.C. §1985(3).

### VIII. DAMAGES

54.     Defendants deprived Armando Mascorro, Jr. of his civil rights under the United States Constitution and under federal law.  Moreover, these acts and omissions by Defendants, their agents, employees, and/or representatives, proximately caused and/or were the moving force behind the injuries and damages to Plaintiffs, and those same acts and/or omissions proximately caused and/or were the moving force behind the wrongful death of Armando Mascorro, Jr. Accordingly, Plaintiffs Eunice Prieto Molina, Individually and as Representative of the Estate of

Armando Mascorro, Jr., and Leidi Silvestre next friend of A.S.M., A.N.M., and Y.M., minors, assert claims under 42 U.S.C. § 1983 and the Texas wrongful death and survivorship statutes.

55.     Plaintiff Eunice Prieto Molina, as Representative of the Estate of Armando Mascorro, Jr., in their capacities as statutory heirs asserting survival claims on behalf of Armando Mascorro, Jr.'s Estate, have incurred damages including, but not limited to, the following:

- Physical pain and mental anguish suffered by Armando Mascorro, Jr. prior to his death; and

- Funeral and burial expenses.

56.     Plaintiff Leidi Silvestre, as next friend of A.S.M., A.N.M., and Y.M., Armando Mascorro, Jr.'s surviving minor children, asserting a wrongful death claim, have incurred damages including, but not limited to, the following:

- Past and future mental anguish; and

- Past and future loss of companionship, society, services, and affection with their father.

57.     Plaintiff Eunice Prieto Molina, in her individual capacity asserting a wrongful death claim on behalf of her son, has incurred damages including, but not limited to, the following:

- Past and future mental anguish; and

- Past and future loss of companionship, society, services, and affection with her son.

58.     Plaintiffs have suffered severe mental pain and suffering. These damages are in excess of the minimal jurisdictional limits of this Court and were proximately caused by the actions and omissions of the Defendants.

## IX. EXEMPLARY DAMAGES

59.     The conduct of THE OFFICERS justifies an award of punitive and exemplary damages

against THE OFFICERS individually due to their extreme, outrageous and unjustifiable conduct, especially due to the malicious acts related to the coverup and deprivation of their federally protected rights under 42 U.S.C. 1985(3).  THE OFFICERS acted with malice and acted intentionally, recklessly, or with callous indifference to the unlawful deprivation of Plaintiffs' constitutionally and statutorily protected rights.

## X. ATTORNEY'S FEES

60.     The Plaintiffs have been required to retain the services of attorneys to represent them in this complex and difficult proceeding and cause of action. The Plaintiffs have retained the undersigned attorneys to represent them, and pursuant to 42 U.S.C. §1988(b) of the Federal Civil Rights Act, they are entitled to recover for their reasonable and necessary fees incurred for these attorneys, and the reasonable and necessary expenses incurred in the pursuit of this claim at the trial level, the Court of Appeals level if the case is appealed to that Court, and in the Supreme Court of the United States, if necessary.

## XI.  PRESERVATION OF EVIDENCE

61.     Plaintiffs request and demand that all Defendants in this case retain, preserve, and protect from loss, damage, discard, or destruction all physical, written or electronic items that are, or may be, evidence of the incident above described, which may form the basis of this Complaint, including, but not limited to video, recorded statements, photographs, e-mails, text messages, and personal or official notes made by any of THE OFFICERS, the County of Bastrop or the Texas Department of Public Safety.

## XII. JURY DEMAND

62.     Plaintiffs respectfully demand a trial by jury.

## XIII. PRAYER

For these reasons, Plaintiffs ask for judgment against all Defendants for the following:

a.   Trial by jury on all issues triable to a jury;

b.   Judgment against Defendants, jointly and severally, on behalf of the Plaintiffs for actual

damages pursuant to 42 U.S.C. §1983 and 42 U.S.C. §1985(d);

c.   Punitive damages as to the THE OFFICERS;

d.   Statutory and reasonable attorney fees pursuant to 42 U.S.C. §1988(b) of the Federal

Civil Rights Act, pre-judgment interest, post-judgment interest, and all of their costs

herein expended; and

e.   Any and all additional relief to which the Plaintiffs may appear to be entitled.


Filed this _____ day of _____, 2022.


Respectfully submitted,

**DC LAW, PLLC**

1012 W. Anderson Lane
Austin, Texas 78757
(512) 220-1800 Telephone
(512) 220-1801 Facsimile

By: /s/ Robert L. Ranco
Robert L. Ranco
SBN: 24029785
robert@texasjustice.com
Attorney for Plaintiff